COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and
      Bumgardner
Argued at Alexandria, Virginia


THOMAS TERRANCE DALY, S/K/A
 THOMAS DALEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2525-96-4      JUDGE RUDOLPH BUMGARDNER, III
                                         MAY 5, 1998
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          J. Howe Brown, Judge

            John Kenneth Zwerling (Joel B. Simberg;
            Zwerling & Kemler, P.C., on briefs), for
            appellant.

            Richard B. Smith, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Daly was charged with possession of marijuana with intent

to distribute, a felony.  A jury convicted him of the

lesser-included offense of possession of one-half ounce or less

with intent to distribute which is a misdemeanor.  He complains

that he was not able to present mitigating evidence before the

jury sentenced him for the misdemeanor conviction.  Finding no

error, we affirm.

     After the defense had rested and during the discussion of

proposed instructions, both the appellant and the Commonwealth

agreed that the proceeding should be bifurcated into the guilt

and sentencing phases.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The court noted that if the jury comes back with a misdemeanor verdict, "You can argue, but there's no evidence at that point." The defense made no objections. Before the jury returned with a verdict, the court again noted that if there is a guilty finding on a misdemeanor "there's no evidence."

The jury returned a verdict of guilty of the misdemeanor offense. Because no written instruction had been prepared for the penalty phase, both sides consented to the instruction being given verbally with no written copy to be available during the jury deliberations. At that point the defendant advised the court that he wished to present evidence in mitigation. His proffer included evidence that the defendant was living in rent subsidized apartments, was on Social Security disability, and had stopped using drugs. The court did not permit further evidence, but the trial court allowed each side to make additional closing arguments.

Code § 19.2-295.1 provides "upon a finding that the defendant is guilty of a felony . . ." there shall be a separate proceeding to ascertain punishment. It does not extend the bifurcated format to cases in which a jury convicts a defendant of a misdemeanor.[1] Moreover, the appellant will not be heard to complain of the procedure adopted in this case. "The defendant, having agreed upon the action taken by the trial court, should

---

[1]Rule 3A:17.1, as amended effective February 15, 1998, provides that the court will instruct on punishment for any misdemeanor but not for any felony.

not be allowed to assume an inconsistent position." <u>Clark v. Commonwealth</u>, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979). Here, the defendant never objected when the court first advised that no evidence would be taken upon a finding of guilty of a misdemeanor. To the contrary, he acquiesced in, if not asked for, the procedure adopted. Finding no error, we will affirm.

<u>Affirmed.</u>